Opinion issued June 17, 2025



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00013-CV

———————————

**GEORGE KEITH WATSON, Appellant**

**V.**

**17 RAMIN, LLC, Appellee**

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1213960**

---

## MEMORANDUM OPINION

After appellant George Keith Watson failed to pay rent, appellee 17 Ramin, LLC filed suit to evict him and obtained a writ of possession. Watson appeals, seeking to "reverse the judgment of the trial court and to regain possession of the property." App. Br. 5. In its reply brief, 17 Ramin asserts that the appeal is moot

because Watson is no longer in possession of the premises and has not demonstrated that he has a potentially meritorious claim to a right of current, actual possession of the premises. We agree that the appeal is moot.

An eviction action is a procedure to determine a party's right to possession of the premises. *See* TEX. PROP. CODE § 24.001–.011; TEX. R. CIV. P. 510.1; *see also* TEX. PROP. CODE § 24.004 ("Eviction suits include forcible entry and detainer and forcible detainer suits."). The only issue in a forcible-detainer action is the right to actual possession of the premises. *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006).

A case becomes moot when there ceases to exist a justiciable controversy between the parties and the court's action cannot affect the parties' rights or interests. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012). When a case becomes moot, the court loses jurisdiction and cannot hear the case because any decision would be an advisory opinion, which is prohibited by article II, section 1 of the Texas Constitution. *State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018). "If a case is or becomes moot, the court must vacate any order or judgment previously issued and dismiss the case for want of jurisdiction." *Heckman*, 369 S.W.3d at 162.

When a tenant is no longer in possession of the property, an appeal from a forcible detainer action becomes moot unless the tenant asserts "a potentially

meritorious claim of right to current, actual possession" of the property. *See Marshall*, 198 S.W.3d at 787 (citing *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001)). Here, the parties' briefs indicate that Watson is no longer in possession of the premises. In his appellant's brief, Watson argues that he seeks to "regain" possession of the property. And in its reply brief, 17 Ramin asserts that Watson is no longer in possession of the premises.

Watson raised two issues on appeal. In the first, he argues that the trial court's judgment was a nullity because 17 Ramin was represented by an agent, not counsel, in the trial court. He also argues that this Court should not consider a brief on behalf of 17 Ramin unless it is filed by an attorney.[*] Watson does not assert any current right to possession of the premises. Because Watson lacks possession of the premises and has not asserted a potentially meritorious claim that he has a current right to possession of the property, we conclude that this forcible detainer appeal is moot. *See Marshall*, 198 S.W.3d at 787.

Accordingly, we vacate the county court's judgment and dismiss the case as moot. *See Heckman*, 369 S.W.3d at 162 ("If a case is or becomes moot, the court must vacate any order or judgment previously issued and dismiss the case for want of jurisdiction."); *Marshall*, 198 S.W.3d at 788 ("One purpose of vacating the underlying judgment if a case becomes moot during appeal is to prevent prejudice

---

[*] 17 Ramin is represented by an attorney in this Court.

to the rights of parties when appellate review of a judgment on its merits is precluded.").

Susanna Dokupil
Justice

Panel consists of Justices Guerra, Gunn, and Dokupil.